THE MORRIS CANAL AND BANKING COMPANY *vs.* FRANZ O. MATTHIESEN and ALFRED WIECHERS.

1. This court has the power to construe a written instrument, upon a motion to dissolve. But it is a matter resting in the discretion of the court, to be exercised according to the nature and circumstances of each particular case.

2. But the power will not be exercised, where the ends of justice are more likely to be attained by deferring the construction till the final hearing.

3. A written instrument must be construed according to the intent and meaning of the parties, as manifested by the instrument itself. Yet, where the construction is doubtful, the court may look into the surrounding circumstances, and avail itself of such light as they may afford in ascertaining the true meaning of the terms and language employed.

4. The *ex parte* affidavits were properly used on the argument.

This cause was argued before J. Wilson, esq., one of the masters of the court, upon a motion to dissolve the injunction, upon bill, answer, and *ex parte* affidavits.

*Mr. Gilchrist* and *Mr. Bradley,* for defendants, in support of the motion.

*Mr. Zabriskie* and *Mr. I. W. Scudder,* for complainants, contra.

THE MASTER. The complainants, in their bill, state that in the year 1859, they constructed in the waters of the Hudson river, within this state, south of the eastern terminus of their canal, and adjoining lands above high tide, owned by them in Jersey City, a certain basin, by sinking crib-work of timber, filled with stone. That the making of said basin was necessary to the operation of their canal, and to the business conducted thereon, and that by means of the matters particularly set forth in their bill, they had full right to construct the said basin, and are the owners and possessors in fee of the same, except a certain part, which they conveyed

to the New Jersey Central Railroad Company; and that the defendants are unlawfully proceeding, with a large number of men, to tear up a portion of said crib-work in a forcible and violent manner, and thereby do irreparable damage to the complainants.

The defendants, by their answer, deny that the complainants had any right to make said basin, or that the same is, or ever was, necessary to their canal, or to the business conducted thereon; or that the complainants have, or ever had, lawful title thereto, or possession thereof, in whole or in part. They further say, that said crib-work is a serious obstruction to the navigation of the waters of the Hudson river and Communipaw bay, and is a common and public nuisance, and works a special injury to the defendants. That the defendants are, and for many years have been, the owners in fee of a certain block of ground and certain premises, called the sugar-house property, situate in Jersey City, and adjoining upon said waters; and that they; and those under whom they claim, always had, and still have; the right to navigate and use said waters; and to pass, with vessels and boats, to and from their said property, and the channel of the Hudson river. That their business, conducted on said property, is large, and such right is of very great value to them. That said crib-work, sunk by the complainants in forming said basin, being an unlawful obstruction to the navigation of said waters, and a common and public nuisance; and a great injury to the defendants in particular; they had a right to remove the same, or any part thereof; and that in the exercise of such right, they proceeded to take up a portion of the same, with such number of men as was necessary for the purpose, and without any breach of the peace, and that said proceedings are the acts complained of, and to restrain which the injunction was granted.

Prior to the filing of this bill; there had been litigation in this court, touching the right to said basin, to which the complainants and defendants in this suit; and also the New Jersey Central Railroad Company, were parties, and the matters in controversy therein, were settled by compromise.

On the 19th of November, 1863, an agreement in writing was entered into, between the New Jersey Central Railroad Company, party of the first part, and said canal company, of the second part, and said Matthiesen and Wiechers, of the third part; which agreement is set forth in the pleadings in this case, and the second article whereof is as follows:

"That the party of the second part agree to, and do hereby, grant to the parties of the third part, their heirs and assigns, proprietors and occupiers of the said sugar-house property and the said block, a passage-way for the navigation of vessels doing business in connection therewith, to and from the said block and the channel of the Hudson river, by a canal one hundred and fifty feet wide, along and from the south side of said block, to the said basin, and a convenient passage-way across the same, to the said channel; and the party of the first part assents to the said grant."

The true construction of this agreement, and of this second article in particular, is a point of the highest importance in this case, and the decision of it will settle rights and claims of very great value to the parties.

The complainants insist that the "canal of one hundred and fifty feet wide, along and from the south side of said block to the said basin," mentioned in the agreement, means a canal to the outside of said crib-work; and that they have cut an opening of thirty feet in width in said crib-work; and that the defendants have a convenient passage way from their said property through said opening, and across said basin, to the channel of the Hudson river. They also insist that any right which the defendants may have had, before the making of said agreement, to navigate said waters, in passing to and from their said property and the channel of said river, was given up by said agreement, and the passage-way therein stipulated for and granted, was accepted by them in lieu thereof.

The defendants, on the other hand, insist that it was meant and intended by the parties, in and by said agreement, and

that the true construction thereof requires, that said canal of one hundred and fifty feet in width, should be made from their said property to the waters of the said basin, and not merely to the outside of said crib-work, and that the making of said opening of thirty feet in width is not a compliance with said agreement, nor according to the intent and meaning thereof, and that said opening is entirely too narrow, and does not give to the defendants a convenient passage-way, as stipulated for in the agreement. And further, that by said agreement, the defendants did not relinquish the right which they before had to navigate the waters of said river and bay, and to remove therefrom unlawful obstructions, but that they still have such right, and, in addition thereto, the rights granted by said agreement.

If the court should now proceed to decide upon the construction of said agreement, its decision would be final, and rights and claims of a highly valuable and important character would be thereby definitely settled, so far as this court is concerned. I have no doubt of the power of the court to construe an instrument of writing, upon a motion to dissolve, and in some cases it would be its duty to do so. But it is a matter always resting in the discretion of the court, which is to be exercised according to the nature and circumstances of each particular case. This is in accordance with the doctrine held in *Clum* v. *Brewer*, 2 *Curtis C. C. R.* 518, where, upon a motion for an injunction, the judge said, he felt it to be his duty to construe a certain written instrument before him in that case; but he added, "there may be cases in which there is so much doubt what the parties to an instrument intended to effect by it, that the court may think it proper to suspend its judgment, until the surrounding circumstances can be more fully and safely examined on a final hearing."

The agreement in the present case, as set forth in the pleadings, is before the court, and it must be construed according to the intent and meaning of the parties as manifested by the instrument itself. Parol evidence is not admissible to contradict or vary its terms. Yet it is a well

established rule, that where the construction of a written instrument is doubtful, the court may look into the surrounding circumstances, and avail itself of such light as they may afford in ascertaining the true meaning of the terms and language employed. 1 *Greenl. Ev.*, § 275, 287.

This motion has been argued upon bill and answer, and certain affidavits taken by the parties. They were all taken *ex parte*, and copies having been served upon the other party, according to our rules of practice, the affidavits were properly used on the present argument.

But the question of the true construction of this agreement, is one which I deem of so much consequence in this case, that it ought not, in my opinion, to be decided as the case now stands. It will be more satisfactory to the court, and more likely to attain the ends of justice, to examine and decide it at the final hearing, after each party shall have had an opportunity of cross-examining the witnesses of the other, and of showing fully before the court, all such surrounding circumstances or other matters, as under the rules of evidence may properly be shown, and may assist the court in ascertaining the true meaning and construction of the agreement in question.

I am, therefore, of opinion, that the motion to dissolve should be denied, and that the costs of this motion should abide the event of the suit, and I do respectfully recommend to the Chancellor to make an order to that effect.